[No. A050888. First Dist., Div. Two. Sept. 27, 1991.

NOLAN FEELEY, Plaintiff and Appellant, v.
SOUTHERN PACIFIC TRANSPORTATION COMPANY et al.,
Defendants and Respondents.

**COUNSEL**

Belzer, Jackl, Katzen, Hulchiy, Murray & Balamuth, Barry Balamuth and R. Kenneth Bauer for Plaintiff and Appellant.

O'Connor, Cohn, Dillon & Barr, Jerald W. F. Jamison, Eric J. Adams, Long & Levit, Randy A. Miller and Barry D. Brown for Defendants and Respondents.

**OPINION**

**BENSON, J.**—In this premises liability action, Nolan Feeley appeals from summary judgment against him. He contends that the statute of limitations

applicable to his action should have been tolled while he was comatose as a result of injuries he received while on respondents' premises. We agree, and reverse.

## FACTS AND PROCEDURAL HISTORY

For purposes of this appeal and the motion below, the facts are undisputed. Appellant was an independent contractor employed by respondent Southern Pacific Transportation Company (Southern Pacific).[1] While at his post on respondent's premises, appellant was struck on the head from behind by an unknown assailant. He was knocked unconscious, and remained so for 12 days. During that period, he was hospitalized, and underwent cranial surgery to repair the damage.

One year and one day after the attack, appellant filed an action against respondents. It is undisputed that absent tolling, the action was filed one day after the one year statute of limitation expired on appellant's claims. Respondents moved below for summary judgment on the ground that appellant's claims were barred by the statute. Appellant contended in opposition that the tolling provision of Code of Civil Procedure section 352, subdivision (a) (limitations period does not run against "insane" person) should apply during the time he was unconscious as the result of the attack. (All further statutory references are to the Code of Civil Procedure unless otherwise stated.) In short, appellant argued, as he does here, that he was "insane" within the meaning of section 352 during that period. The trial court granted summary judgment against appellant. This appeal followed.

## DISCUSSION

■ "When there is no dispute over the decisive facts, the question of limitations is one of law, amenable to disposition by summary judgment. [Citations.]" (*Wells Fargo Bank* v. *Superior Court* (1977) 74 Cal.App.3d 890, 895 [141 Cal.Rptr. 836].) As noted, there was no dispute below that appellant was knocked unconscious by his attacker, remained so for 12 days, and required cranial surgery to repair the damage. The only issue presented on the motion for summary judgment was whether, on those undisputed facts, the statute of limitations should have been tolled for the 12 days of appellant's unconsciousness.

Though the precise issue before us appears to be a novelty in California, the principles which apply are not. ■ A finding that a person was

[1]For convenience, we refer to all respondents as "Southern Pacific," as for purposes of this appeal, their interests are indistinguishable.

"incapable of caring for his [or her] property or transacting business or understanding the nature or effects of his [or her] acts, [is] equivalent to a finding in express terms that [he or she] was insane within the meaning of the statute of limitations." (*Pearl* v. *Pearl* (1918) 177 Cal. 303, 307 [177 P. 845], citing § 352 [material in brackets added]; and see e.g., *DeRose* v. *Carswell* (1987) 196 Cal.App.3d 1011, 1027 [242 Cal.Rptr. 368] [stating standard]; *Hsu* v. *Mt. Zion Hospital* (1968) 259 Cal.App.2d 562, 571-572 [66 Cal.Rptr. 659] [adjudication of mental illness not determinative of question].) The tolling provision applies even though the plaintiff's insanity is caused by the wrongful act of the defendant, and the tolling continues until the plaintiff is restored to sanity. (*Weinstock* v. *Eissler* (1964) 224 Cal.App.2d 212, 230-232 [36 Cal.Rptr. 537] [defendant physician's alleged malpractice resulted in brain damage]; *Gottesman* v. *Simon* (1959) 169 Cal.App.2d 494, 496 [337 P.2d 906] [defendant caused car crash which resulted in plaintiff's incapacity].) ▪ It appears obvious that a coma caused by physical trauma is a mental condition which renders the plaintiff "incapable of caring for his [or her] property or transacting business or understanding the nature or effects of his [or her] acts" so long as the comatose condition exists, (*Pearl, supra* at p. 307), and logically should be included within the judicially developed definition of insanity as used in section 352.[2]

Southern Pacific nonetheless argues that unconsciousness is not equivalent to insanity for purposes of section 352, and urges that some equivalent of actual psychiatric illness must be present. We do not agree. First, the standard expressed in the cases, though often cast in terms of "mental derangement," (see *Hsu* v. *Mt. Zion Hospital, supra,* 259 Cal.App.2d at p. 571), actually requires only some mental condition which renders the plaintiff incapable. For example, in *Hsu, supra,* the court specifically rejected the proposition that an adjudication of insanity was conclusive for purposes of section 352. (*Id.* at p. 574 [commitment to state mental hospital "did not conclusively determine . . . insanity . . . to toll the statute of limitations"].) Second, we can perceive no rational distinction between a person rendered completely unconscious by trauma, and person who remains

[2]The legislative history of section 352 is scanty. The provision for tolling where the plaintiff is "insane" was enacted as a part of the 1872 code revisions. (See Revised Laws of the State of Cal. (1871) Code Civ. Proc., § 352, p. 85.) The principle may be traced to the early 17th century. (See *Kyle* v. *Green Acres at Verona, Inc.* (1965) 44 N.J. 100 [207 A.2d 513, 515] [noting statutory origin of rule in statute of 21 James 1, ch. 16 (1623), providing for tolling while plaintiff "*non compos mentis.*"].) However, we note that in relatively modern amendments to other portions of section 352, the Legislature has not altered the "insanity" provision, from which we deduce that it approves the judicial interpretations we rely on. (E.g., Stats. 1970, ch. 104, § 1, p. 323 [adding subd. (b)]; see *Ladd* v. *Board of Trustees* (1972) 23 Cal.App.3d 984, 990 [100 Cal.Rptr. 571] [Legislature presumed to have adopted prior judicial interpretations of statutory language unaffected by amendment].)

conscious but incapable. If the latter litigant is entitled to tolling during the period of incapacity, it would be arbitrary and harsh to deprive the former of the same benefit. Finally, it appears that those jurisdictions that have considered the question have found that tolling should apply to periods of unconsciousness. (See, e.g., *Sobin* v. *M. Frisch & Sons* (1969) 108 N.J. Super. [260 A.2d 228, 231] [plaintiff in coma for three months, thereafter irrational]; *Hill* v. *Clark Equipment Company* (1972) 42 Mich.App. [202 N.W.2d 530, 533] [where evidence of blackouts and unconsciousness, issue of fact for jury whether plaintiff was "insane"].)

Southern Pacific argues that allowing tolling in cases of simple unconsciousness will have pernicious results, including false claims of memory loss, claims based on unconsciousness caused by anesthesia, and so forth. We are not persuaded. In doubtful cases, we are confident that courts and juries will be capable of distinguishing between true incapacity and bogus claims.

We therefore hold that where the victim of a tort is rendered unconscious by his or her injuries, that unconsciousness is "insan[ity]" for purposes of section 352. Accordingly, we reverse.

The judgment is reversed. Appellant to recover costs.

Kline, P. J., and Smith, J., concurred.