Filed 1/5/16  Lepe v. F.M. Tarbell Co. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JORGE LEPE, | |
| Plaintiff and Appellant, | E059779 |
| v. | (Super.Ct.No. MCC1300622) |
| F.M. TARBELL CO. et al., | |
| Defendants and Respondents. | |
| JORGE LEPE, | |
| Plaintiff and Appellant, | E060632 |
| v. | OPINION |
| BANK OF AMERICA, N.A. et al., | |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Edward D. Webster

(retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art.

VI, § 6 of the Cal. Const.), Craig G. Riemer and Gordon R. Burkhart, Judges.  Affirmed.

1

Jorge Lepe, in pro. per., for Plaintiff and Appellant.

Prenovost, Normandin, Bergh & Dawe and Benjamin K. Griffin for Defendants and Respondents F.M. Tarbell, Co., et al.

Reed Smith, Michael E. Gerst and Myles A. Lanzone for Defendants and Respondents Bank of America, N.A., et al.

In March 2007, plaintiff and appellant Jorge Lepe's daughter used his name without his permission to obtain a loan for a house located at 27062 Red Maple Street in Murrieta (Property). Lepe's daughter did not make payments on the loan and the Property was foreclosed upon; the foreclosure was recorded against Lepe. Lepe did not file suit against his daughter. Instead, he sued defendants and respondents Christine Francis, Bank of America, N.A. (Bank of America), US Bank National Association (US Bank) and F.M. Tarbell Co. (Tarbell) (collectively, "defendants"). Francis had owned the Property; Tarbell was the realty company that brokered the sale of the house from Francis to Lepe; Bank of America had granted the loans to Lepe's daughter; and US Bank purchased the home at the foreclosure sale.

Lepe filed the original complaint in May 2013, which was dismissed with leave to amend. In his First Amended Complaint, Lepe alleged causes of action for fraud, intentional infliction of emotional distress, intentional tort/defamation, and negligence against respondents based on his daughter obtaining a fraudulent loan in his name. Tarbell and Francis jointly filed a demurrer; Bank of America and US Bank also filed a demurrer. After hearings on the demurrers, the trial court granted the two demurrers without leave to amend.

2

It is nearly impossible to determine what Lepe is raising in the instant appeal.  It does appear he is claiming that the statute of limitations was tolled due to his mental incapacity but provides no coherent argument with citation to authority.  We uphold the trial court's orders granting the two demurrers without leave to amend.

**FACTUAL AND PROCEDURAL HISTORY**

"When considering an appeal from a judgment entered after the trial court sustained a demurrer without leave to amend, we 'accept as true all well-pleaded facts in the complaint and give a reasonable construction to the complaint as a whole.' [Citations.]  In addition, we may consider matters that are properly the subject of judicial notice, and were considered by the trial court." (*La Serena Properties v. Weisbach* (2010) 186 Cal.App.4th 893, 897.)  We consolidated our case Nos. E059779, which involved the proceedings against Tarbell and Francis, and E060632, which involved the proceedings against Bank of America and US Bank.  The factual and procedural background is derived from the First Amended Complaint, the demurrers filed by defendants, and the matters properly judicially noticed.

A.  SALE OF RED MAPLE STREET

Francis owned the Property.  Francis worked as an agent for Tarbell and listed and sold the Property.  She thought she sold it to Lepe.  However, it turned out that Lepe's daughter, Laura Alonso, fraudulently obtained the loan for over $500,000 in Lepe's name secured by the Property.  The loan was funded by Bank of America.  The deed of trust for the Property showed Lepe as the borrower.  Lepe's daughter stopped paying on the note

3

in May 2008.  There was an unpaid balance of $650,000.  On July 6, 2011, the Property was sold at a trustee sale to US Bank.

B.      ORIGINAL COMPLAINT

Lepe filed the original complaint (Complaint) on May 6, 2013, against "Bank of America; US Bank National Association; Tarbell Realtors; & Christine Francis."  Lepe alleged that Bank of America had acknowledged that he was not responsible on the loan because it was falsely obtained.  Lepe sought damages in the amount of $360,000.  Lepe's first cause of action against defendants was for fraud.  He claimed that his daughter used an imposter to purchase the Property from Francis, who was a broker employed by Tarbell.  Although he was not liable for the loan, his credit had not been restored and the foreclosure had not been voided by Bank of America.  Defendants received "a benefit via proceeds against [his] credit and causing a foreclosure."  He insisted that "defendant" concealed the facts up until Lepe reported the fraud to the police and adult protective services on November 28, 2008.  He insisted the elements of fraud had been found because "defendant's" own investigator found Lepe not liable on the loan.

Lepe's second cause of action was for Intentional Tort.  He insisted that Bank of America's refusal to fix the foreclosure caused him emotional distress.  Lepe also alleged a cause of action for defamation and negligence based on the same facts.  Lepe also checked the box for the cause of action for breach of contract but provided no facts to support the claim.

4

Lepe also referred to another lawsuit entitled *Greer Ranch Community Association v. Jorge Lepe*, case No. RIC1110258[1] (*Greer Ranch*). Lepe explained that Greer Ranch was the homeowner's association where the Property was located. Lepe attached a property history. It showed that US Bank purchased the Property on July 15, 2011. A notice of default was recorded on June 29, 2009. It also listed the loans taken out on the Property in his name. Lepe also attached a letter from Bank of America dated January 10, 2012, which was resent on April 17, 2013, which confirmed Lepe was not responsible on the loans and that Bank of America had sent notice to four major credit bureaus reporting as such. Lepe also included the purchase agreement for the Property. It was purchased for $706,000; the loan amount was $564,800. It was signed on March 8, 2007 by "Jorge Lepe" and Francis. The note for the loan was filed on March 21, 2007. Lepe attached numerous other documents, including his tax returns.

Lepe also attached a police report prepared by the Hemet Police Department. The reporting officer was called to Lepe's home on November 18, 2008, regarding possible elder abuse. Once the officer arrived, Adult Protective Services (APS) was called because Lepe and his wife reported that they were victims of fraud and forgery by Alonso. They reported that Alonso had obtained credit cards in their names and charged $50,000. Lepe was involved with APS because he suffered from insulin dependent diabetes and had mobility issues. Lepe and his wife also reported that Alonso had

---

[1] Lepe refers to this case on numerous occasions in this opening brief. However, it was never consolidated with this case and has no bearing on this case. We will not consider it.

obtained the mortgage on the Property without their consent. Alonso used Lepe's name and credit to obtain the loan in 2007. Lepe's wife thought that Alonso may have used someone to pretend to be Lepe in order to get the loan. The report also noted that although the loan on the Property was originally fraudulently obtained, Lepe later agreed to cosign on the loan. Lepe explained that he confronted Alonso about the mortgage and she told him it was the only way she could qualify for the loan. He told her he wanted his name off the mortgage.

Lepe was interviewed at the Murrieta Police Department on February 13, 2009, regarding Alonso purchasing the Property without Lepe's permission. He said the signatures on the title and mortgage were not his. He admitted he signed a loan modification after the original fraudulent loan. Alonso told the police that she had permission to obtain the mortgage.

Tarbell and Francis filed a demurrer to the Complaint. They contended that the Complaint failed to state facts sufficient to constitute a cause of action. They also alleged that all of the causes of action were time-barred. They contended the fraud occurred on March 23, 2007, and was discovered at the latest on November 28, 2008. Further, there was no theory of liability that could make Tarbell and Francis responsible. Tarbell and Francis also filed a motion to strike portions of the Complaint.

Lepe filed opposition to the motion to strike. Lepe insisted that Francis, who owned the Property, and Tarbell, as the realty company who sold the Property, were responsible for the fraud. Further, he filed opposition to the demurrer on June 11, 2013. Lepe insisted the claim of fraud was confirmed by Bank of America and he sought to

have his credit returned to good standing, and void the foreclosure. He contended the statute of limitations was tolled because he was a client of APS and was mentally incompetent, and had reported the incident to the police, and they did nothing.[2]

On June 25, 2013, the demurrer to the Complaint was heard. The trial court ruled that the causes of action of fraud, intentional tort, defamation, intentional infliction of emotional distress, and negligence all did not state facts sufficient to constitute a cause of action against Tarbell and Francis. The trial court advised Lepe that he needed to allege in more detail what Tarbell and Francis did wrong and to address the statute of limitations. Lepe's motion for reconsideration was denied.

## C. FIRST AMENDED COMPLAINT

Lepe filed the First Amended Complaint (FAC) on July 23, 2013. He alleged causes of action of breach of contract, overcoming the statute of limitations, fraud, intentional infliction of emotional distress, defamation and abuse of process. Again, his claims were based on Alonso using his name and credit to purchase a home.

As for his "cause of action" for overcoming the statute of limitations, Lepe referred to the *Greer Ranch* case and that he was being sued for $24,188.98 for the homeowner's dues. He insisted the lawsuit tolled the statute of limitations because it was filed on June 14, 2011. He recognized that his request to consolidate *Greer Ranch* with the case had been denied. He also relied on being a "ward" of APS and that he had filed a police report but no action was taken. He, also argued that the statute of limitations was

_____

[2] Bank of America did not respond to the Complaint before Lepe filed his FAC on July 23, 2013.

7

reset on July 6, 2011, when Bank of America issued a "1099-A" recognizing he was a victim of fraud.

As for fraud, he stated facts that an imposter in 2007 impersonated him to get the loans for the Property. He insisted Francis and Tarbell knew the paperwork was false. He alleged intentional tort/defamation for his bad credit as caused by the foreclosure and Bank of America reporting to credit bureaus. As for negligence, he alleged that the defendants owed a duty to him and were the cause of him being in bad standing on his credit and had profited by receiving $900,000. Finally, Lepe alleged that there was an abuse of process because Tarbell and Francis filed a demurrer to the Complaint.

D.     TARBELL'S DEMURRER TO FAC

Tarbell and Francis filed a demurrer and motion to strike. Tarbell and Francis again argued that the FAC failed to state facts sufficient to constitute causes of action against them on any of the five causes of action and again argued all of the causes of action were time-barred. They also argued that they could not be parties to the action because they were realtors who could not be held liable. They sought to strike the entire FAC.

E.     BANK OF AMERICA'S DEMURRER TO THE FAC

Bank of America and US Bank filed a demurrer to the FAC. [3] They argued that all of the causes of action did not state sufficient facts to sustain the causes of action. Bank of America argued the entire FAC was impermissibly vague and uncertain; the claims were all time-barred; the causes of action were insufficiently pled; and Lepe failed to assert justifiable reliance on the fraud or actual damages.

Bank of America and US Bank asked the court to take judicial notice of several documents, including the deed of trust that listed Lepe as the sole owner of the Property as of March 21, 2007. Further, that the Property was part of the Greer Ranch Homeowner's Association. The notice of default, the notice of trustee's sale and the notice of sale to US Bank were also provided.

F.     OPPOSITION TO DEMURRER

Lepe filed opposition to the demurrers filed by Bank of America and US Bank. He argued in his opposition to the demurrers to the FAC that his causes of action were not time-barred because of tolling based on temporary insanity. He was rendered temporarily insane based on the trauma caused by his daughter defrauding him. Further, equitable estoppel allowed him to file a lawsuit even though he failed to comply with the statute of limitations. He additionally argued tolling due to the filing of *Greer Ranch*

---

[3] The record includes documents regarding a motion to set aside the default against Bank of America and US Bank, and their response requesting relief from default pertaining to the demurrer to the FAC. These proceedings are not relevant to the issues in this appeal.

and ratification based on a 1099-A sent to Lepe by Bank of America. Lepe wanted to file a Second Amended Complaint, which he attached to the opposition.

Lepe filed his opposition to the demurrer to the FAC filed by Tarbell and Francis. He argued that Bank of America already found fraud and that Francis and Alonso where both in the real estate business and worked together. Further, he argued mental incompetency and elder abuse tolled the statute of limitations. Lepe also referred to the date of July 6, 2011, as reaffirming the debt owed, and that it tolled the statute of limitations. Lepe made an incomprehensible argument about the deed being void and therefore the "relation back doctrine" applied to the fraud, intentional tort, and defamation claims. He also attached a proposed Second Amended Complaint along with many of the same documents attached to the Complaint.

Lepe attached an APS report dated November 18, 2008, the same day that the police were notified, regarding their investigation of elder abuse occasioned by Alonso. Lepe was advised that the matter would have to be reported to law enforcement. Lepe reported he did not want his daughter to go to jail. The report also provided that Lepe was not particularly vulnerable. No diminished capacity was reported.

G.    REPLY TO OPPOSITION TO DEMURRER

Tarbell and Francis filed a reply to the opposition to the demurrer. They argued that there was no tolling of the statute of limitations because Lepe had not been declared mentally incompetent or insane at the time the causes of action accrued. Further, based on the Complaint and FAC, Lepe had been able to report to APS and the Hemet Police

10

Department in November 2008 about the actions of Alonso. He also admitted working between 1990 and 2011.

Bank of America also filed a reply to the opposition to the demurrer. Bank of America contended that Lepe's claims were time-barred despite the assertions of tolling and that his assertions of equitable tolling failed. Lepe had admitted that he knew about Alonso's actions in 2008. Bank of America contended that Lepe should not be granted leave to amend the FAC.

Lepe filed a response. He insisted he had shown a tolling of the statute of limitations as he suffered from a mental incapacity. Lepe also filed a trial brief in lieu of oral testimony. He stated that he objected to a request for sanctions by Tarbell and Francis.

H.    HEARING ON DEMURRER AND RULING

The demurrers were heard on different days. The hearing on the demurrer filed by Tarbell and Francis was held on September 11, 2013. As for the first cause of action, overcoming the statute of limitations, the trial court stated that no such cause of action existed. The demurrer to this first cause action was sustained without leave to amend. The trial court then advised Lepe that it intended to sustain the remaining causes of action without leave to amend unless he could explain how he got around the statute of limitations. Lepe stated that he was a ward of APS because he was mentally incompetent. The trial court noted that he was being helped by APS because of diabetes. The trial court did not believe that factually, mental incompetency had been shown. Tarbell and Francis argued that he had never been declared mentally incompetent and

11

based on his actions showing competency he could not amend to allege incompetency. The trial court sustained the demurrer without leave to amend for all the causes of action. The matter was dismissed on September 13, 2013. The notice of entry of judgment was entered on September 19, 2013. The notice of appeal was filed on October 4, 2013.

The demurrer filed by Bank of America and US Bank was heard on January 9, 2014. At the hearing, the trial court clarified that the FAC was based on Lepe's damaged credit and the foreclosure that was on the record. Lepe affirmed this was the basis of the lawsuit. Lepe confirmed that in 2007, Alonso took out a loan in his name, did not pay and the Property was foreclosed upon due to the failure to pay.

The trial court then asked Lepe to confirm that Bank of America notified the credit reporting organization that the defaulted loan did not belong to Lepe, and Lepe responded that this was true. Lepe confirmed that Bank of America conducted an investigation and determined in 2008 that he was not responsible for the loan. The trial court ruled that the case was time-barred and that suing the bank because his daughter ruined his credit was not proper. The case was dismissed in its entirety and Lepe was not given leave to amend the FAC.

Notice of entry of judgment in favor of Bank of America and US Bank was entered on January 21, 2014. Lepe's notice of appeal was filed on February 11, 2014.

**DISCUSSION**

A.     STANDARD OF REVIEW

"On appeal from an order of dismissal after an order sustaining a demurrer, the standard of review is de novo: we exercise our independent judgment about whether the

12

complaint states a cause of action as a matter of law. [Citation.] First, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. Next, we treat the demurrer as admitting all material facts properly pleaded. Then we determine whether the complaint states facts sufficient to constitute a cause of action. [Citations.] [¶] We do not, however, assume the truth of contentions, deductions, or conclusions of law." (*Stearn v. County of San Bernardino* (2009) 170 Cal.App.4th 434, 439-440 [Fourth Dist., Div. Two].)

"We are not bound by the trial court's stated reasons, if any, supporting its ruling; we review the ruling, not its rationale." (*Mendoza v. Town of Ross* (2005) 128 Cal.App.4th 625, 631.)

## B. INADEQUATE BRIEFING

Initially, Lepe's opening brief is incomprehensible and does not comply with the California Rules of Court.

The brief does not provide a summary of the significant facts. (Cal. Rules of Court, rule 8.204(a).) The brief does not contain an adequate statement of appealability. (*Ibid.*) The brief contains statements of matters apparently in the record but not supported by appropriate citation references to the Clerk's or Reporter's Transcripts. Further, there are citations to records not part of the appeal. (*Ibid.*) The points and authorities are wholly unintelligible and incomprehensible and fail to state each point under separate heading with supporting argument. (*Ibid.*)

13

Further, Lepe has failed to cite to any legal authority or provide pertinent or intelligible legal argument. Although he appears to raise the tolling of the statute of limitations for his causes of action, he does not provide the relevant time periods for the causes of action. Lepe does not provide proper authority to support his claims.

"When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; see also *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 ["reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment"]; *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 [appellate court "'is not required to discuss or consider points which are not argued or which are not supported by citation to authorities or the record'"]; accord, *Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545-546.)

Lepe has failed to provide any comprehensible argument challenging the trial court's order. Lepe discusses "maladministration" by the trial court in finding for defendants, "exploitation" and generally discusses mental incapacity. We have no choice but to consider his arguments waived or abandoned.

Even if we were to consider that Lepe is raising a claim that the statute of limitations was tolled and his causes of action were not time-barred, as he did in the trial court, and as he states are the issues he claims to have presented to this court on appeal, we would reject the claim.

14

Statutes of limitations "'prescribe the periods beyond which' a plaintiff may not bring a cause of action." (*Norgart v. Upjohn Company* (1999) 21 Cal.4th 383, 395.) "Under the statute of limitations, a plaintiff must bring a cause of action within the limitations period applicable thereto after accrual of the cause of action." (*Id.* at p. 397.) Generally, a cause of action accrues, and thus triggers the statute of limitations, when it "'is complete with all of its elements.' [Citations.] An important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806-807.) "We must take the allegations of the operative complaint as true and consider whether the facts alleged establish [the claim] is barred as a matter of law." (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191.)

Lepe's cause of action for fraud is governed by the three-year limitations period set forth in Code of Civil Procedure section 338, subdivision (d). (*Alfaro v. Community Housing Improvement System & Planning Assn., Inc.* (2009) 171 Cal.App.4th 1356, 1390.) His intentional infliction of emotional distress claim must have been brought within one year from the date of the wrongful act. (*Scannell v. County of Riverside* (1984) 152 Cal.App.3d 596, 616 [Fourth Dist., Div. Two]; see also *Cantu v. Resolution Trust Corporation* (1992) 4 Cal.App.4th 857, 889.) His claim of defamation also had a one-year statute of limitations. (*Knoell v. Petrovich* (1999) 76 Cal.App.4th 164, 168; Code of Civ. Proc., § 340, subd. (c).) His claims of negligence had to be brought within

two years.  (Code of Civ. Proc., § 339, subd. (1); see also *Hydro-Mill Co., Inc. v. Hayward, Tilton and Rolapp Ins. Associates , Inc.* (2004) 115 Cal.App.4th 1145, 1154.)

Here, the alleged fraud occurred in March 2007 when Alonso bought the Property in Lepe's name.  Lepe knew about the fraud at the latest in November 2008, when he filed a police report with the Hemet Police Department and reported elder abuse to APS. Lepe conceded he knew about the fraud in 2008.  He also knew about the intentional infliction of emotional distress and negligence (based on Alonso defrauding Bank of America) in 2008.  Lepe alleged, as to the defamation, that Bank of America wrongfully reported his credit.  The only date for that action was a letter dated January 10, 2012. Further, the foreclosure occurred in July 2011.  However, Lepe did not file the Complaint until May 2013.  All of his causes of action were time-barred.

Moreover, Lepe failed to properly allege that he suffered from a mental incapacity that tolled the statute of limitations.  Pursuant to Code of Civil Procedure section 352, subdivision (a), "[i]f a person entitled to bring an action, . . . is, at the time the cause of action accrued either under the age of majority or lacking the legal capacity to make decisions, the time of the disability is not part of the time limited for the commencement of the action."  "A finding that a person was 'incapable of caring for his [or her] property or transacting business or understanding the nature or effects of his [or her] acts, [is] equivalent to a finding in express terms that [he or she] was insane within the meaning of the statute of limitations.'"  (*Feeley v. Southern Pacific Transportation Co.* (1991) 234 Cal.App.3d 949, 951-952.)

16

Lepe did not show that he was incapable of caring for his property or transacting business. Lepe was able to report to the Hemet Police Department and APS about Alonso's actions in 2008. He made no attempt to explain how he could make the report, but was mentally incompetent. Further, the APS report submitted by him detailed that APS assisted him to due to his diabetes and immobility and not because of a mental illness. As noted, he attached his tax returns, which showed he worked from 2007 through 2010.

Moreover, to overcome the time-bar as to these claims, Lepe "bears the burden of proving there is a reasonable possibility of amendment" to save the complaint. (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.) "To satisfy that burden on appeal, a plaintiff 'must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleadings.'" (*Ibid.*) "Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend." (*Id.* at p. 44.)

Lepe has failed to assert facts that could cure the above defects in an amended complaint.  Accordingly, the trial court's denial of leave to amend the FAC was not an abuse of discretion.**4**

## DISPOSITION

We affirm the trial court's order granting the demurrer without leave to amend. Respondents as the prevailing parties are awarded their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                                                                J.

We concur:

KING _____
                        Acting P. J.

CUNNISON _____
                                J. *

---

**4** We have reviewed Lepe's written oral argument and the responses filed by Bank of America and Tarbell.  The argument does not change this court's resolution of the case.

* Retired judge of the Riverside Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.